IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| COLLENE W. DYAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 10-0035-N |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on the plaintiff's appeal from an adverse determination by the Commissioner of Social Security. The parties have consented to the exercise of jurisdiction by a magistrate judge (doc. 15) , and the district judge previously assigned to this action has entered an order referring this matter to the undersigned for all purposes including entry of judgment (doc. 16). The parties have also waived oral argument (docs. 18 and 19). Upon consideration of the briefs and the record as a whole, the court finds that the decision of the Commissioner is due to be REMANDED to the Commissioner for further proceedings consistent with the order of the court.

Background

Plaintiff filed an application for Supplemental Security Income benefits on December 30, 2005. Her application was denied by the agency on April 7, 2006, and she filed for and obtained a hearing before an Administrative Law Judge ("ALJ"). The ALJ issued an unfavorable decision, finding that she suffered from the following severe impairments: chronic obstructive pulmonary disease, bipolar I disorder, polysubstance dependence in early partial remission, and personality disorder NOS with borderline features. The ALJ determined that plaintiff retained

1

the residual functional capacity to perform the full range of unskilled, light work and thus was not disabled. The Appeals Council denied review, rendering the ALJ's decision the final decision of the Commissioner.

Plaintiff was 45 years of age at the time of her hearing before the ALJ on March 11, 2008. She holds a GED and an Associate's Degree in applied science. Her past relevant work includes employment as a court reporter and legal secretary. The ALJ determined that plaintiff could no longer perform these jobs but found that plaintiff was able to perform the full range of unskilled, light work.[1]

Scope of Judicial Review

A limited scope of judicial review applies to a denial of Social Security benefits by the Commissioner. Judicial review of the administrative decision addresses three questions: (1) whether the proper legal standards were applied; (2) whether there was substantial evidence to support the findings of fact; and (3) whether the findings of fact resolved the crucial issues. Washington v. Astrue, 558 F.Supp.2d 1287, 1296 (N.D.Ga. 2008); Fields v. Harris, 498 F.Supp. 478, 488 (N.D.Ga. 1980). This Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. If substantial evidence supports the Commissioner's factual findings and the Commissioner applies the proper legal standards, the Commissioner's findings are conclusive. Lewis v. Callahan, 125 F.3d 1436, 1439-40 (11th Cir. 1997); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987); Hillsman v. Bowen, 804 F.2d 1179, 1180 (11th Cir. 1986); Bloodsworth v. Heckler, 703 F.2d 1233, 1239

---

[1] The ALJ based his determination on plaintiff's improved condition at the time of the hearing. Neither party addresses whether or not plaintiff was disabled as that term is defined for a closed period prior to the improvements noted by the ALJ.

(11th Cir. 1983). "Substantial evidence" means more than a scintilla, but less than a preponderance. In other words, "substantial evidence" means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be enough to justify a refusal to direct a verdict were the case before a jury. Richardson v. Perales, 402 U.S. 389 (1971); Hillsman, 804 F.2d at 1180; Bloodsworth, 703 F.2d at 1239. "In determining whether substantial evidence exists, [the Court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). Even where there is substantial evidence to the contrary of the ALJ's findings, the ALJ decision will not be overturned where "there is substantially supportive evidence" of the ALJ's decision. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). In contrast, review of the ALJ's application of legal principles is plenary. Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir. 1995); Walker, 826 F.2d at 999. With this legal framework in mind, the court now turns its focus to claimant's assignments of error.

## Issues on Appeal

Plaintiff claims that the Commissioner erred in the following ways: (1) by rejecting the opinion of the treating physician and in finding that Ms. Dyas retains the residual functional capacity to perform unskilled, light work; (2) by relying on "the Grid" to shoulder his burden of proof at the fifth step of the sequential evaluation process, and (3) by failing to fully and fairly develop the record.

## Analysis

*Substantial Evidence of Residual Functional Capacity*

A person who applies for Social Security disability benefits must prove her disability. *See* 20 C.F.R. § 404.1512.

3

> An ALJ uses a five-step sequential evaluation to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the RFC to perform his past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, the claimant can "make an adjustment to other work" that exists in significant numbers in the national economy. See 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); 416.960(c) & 404.1560(c); see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).[2] If the claimant proves that he cannot do his past relevant work at the fourth step, the burden shifts to the Commissioner to show, at the fifth step, that the claimant can make an adjustment to other work available in the economy. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999).

Watson v. Astrue, Slip Copy, 2010 WL 1710827 (11th Cir., April 28, 2010).

This court has previously held that, where the ALJ rejects a treating physician's RFC assessment, especially on the basis that there is inadequate support for his opinions in the treating physician's[3] treatment notes, the Commissioner can not simply replace the treating source's

---

[2] Residual functional capacity, or RFC, is a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. §§ 1545(a), 416.945(a). As to physical abilities, the RFC assesses the claimant's ability to do things like sit, stand, walk, lift, carry, push or pull. 20 C.F.R. §§ 404.1545(b), 416.945(b). As to mental abilities, the RFC assesses the claimant's ability to do things like understand, remember or carry out instructions or respond appropriately to supervision, co-workers or work pressures. 20 C.F.R. §§ 404.1545(c), 416.945(c). The ALJ's finding as to a claimant's RFC is based on all the relevant evidence in the record, including any medical evidence, **and is used in steps four and five of the sequential evaluation to determine whether the claimant can do his past relevant work or any other work**. 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(5), 416.920(a)(4), 416.945(a)(5).

Id. (original footnote no. 5) (emphasis added).

[3] The court rejects the ALJ's assertion that, because Dr. Walsh referred plaintiff to Dr. Proctor as a specialist for her COPD, his own extensive prior and continued treatment of her did not qualify Dr. Walsh as one of plaintiff's treating physicians. The record, as set forth by plaintiff, speaks for itself on this point. Dr. Walsh had the kind of continuing treatment relationship with plaintiff that is the basis for the Commissioner's general deference to the opinions of treating physicians. *See* 20 C.F.R. §404.1527(d)(2).

opinions with his own in reliance on those of a non-examining physician, nor on those of an agency reviewer who is not a physician, nor on his own bare conjecture.[4] In such a circumstance, this court has repeatedly held that the Commissioner's Residual Functional Capacity assessment must be supported by an assessment by a treating or examining physician. *See* Canfield v. Astrue, 2007 U.S. Dist. LEXIS 96161 (S.D.Ala. October 9, 2007)(rejection of RFC and pain evaluation by treating source and reliance on lay opinion improper); Cosey v. Astrue, 2008 WL 2561585 at *3 (S.D.Ala. June 25, 2008); Fisher v. Astrue, 2008 WL 4417325 at *3 (S.D.Ala. Sept. 23, 2008); Doss v. Astrue, 2007 WL 4570551 (S.D.Ala. December 20, 2007) ("This Court has held on numerous occasions that the Commissioner's fifth-step burden cannot be met by a lack of evidence or otherwise, where available, by the residual functional capacity assessment of a non-examining, reviewing physician…but instead must be supported by the residual functional capacity assessment of a treating or examining physician. Such an assessment is particularly warranted where, as here, the ALJ has rejected the only physical RFC assessment in the record.").

The Commissioner takes issue with this court's precedent concerning the minimum factual basis for the ALJ to make a substantially justified finding concerning what plaintiff's condition will and will not allow her to do, where the ALJ has rejected the only medical

---

[4] This is not a case in which plaintiff has failed to offer facially credible evidence to support her showing of disability, nor one with little medical evidence, nominal impairments, and/or no opinion from any doctor that plaintiff is disabled. Nor is there an RFC assessment by even a non-examining medical source supporting the ALJ's determination. In this Circuit, it is well established that the opinion of a non-examining, reviewing physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." Swindle v. Sullivan, 914 F.2d 222, 226 n.3 (11th Cir. 1990). The lay RFC evaluation by a non-physician agency staff member, particularly one which pre-dated all of the relevant medical information in the record, is a wholly inadequate basis for an RFC determination where the record contains contrary evidence from a treating physician.

evaluation in the record of the plaintiff's physical limitations and remaining abilities. The Commissioner argues that, because the RFC assessment is used in steps four and five of the sequential evaluation, and because the plaintiff bears the burden of proof at step four to "prove[] that he cannot do his past relevant work," Watson, at *2 (citing Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999)), the plaintiff must somehow necessarily bear the burden of the ALJ's assessment of his residual functional capacity *in toto*. Although plaintiff must show that he cannot perform some of the necessary functions of his past job(s), that neither equates to a burden to show, as in step five, all the things that he can not do which are relevant to all other potential jobs, nor to a burden to render an assessment. That duty belongs to the ALJ, and his assessment must be based on substantial evidence. *See* Moore v. Barnhart, 405 F.3d 1208, 1213 (11th Cir. 2005)(claimant's burden to show she is unable to perform past relevant work; RFC determination made by ALJ); Richter v. Comm'r of Social Sec., Slip Copy, 2010 WL 2017650 (11th Cir. May 21, 2010)(under sequential evaluation, ALJ assesses RFC in determining whether claimant can perform past relevant work)(*citing* Phillips v. Barnhart, 357 F.3d 1232, 1237-39 (11th Cir. 2004)).

An ALJ's decision not to give controlling weight to a treating source, presuming that decision to be valid, is not the same thing as finding that such opinion is entitled to no weight whatsoever. "A finding that a treating source's medical opinion is not entitled to controlling weight does not mean that the opinion is rejected. It may still be entitled to deference and be adopted by the adjudicator." SSR 96-2p, paragraph 7. *See also* Lewis v. Callaghan, 125 F.3d 1436, 1440 (11th Cir. 1997)( Court weighed opinions of treating physician against that of non-treating physician upon which the ALJ relied. "The ALJ must clearly articulate the reasons for giving **less weight** to the opinion of a treating physician, and the failure to do so is reversible

error." (emphasis added)(*citing* MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986)). The court is not called upon to address whether the ALJ properly discounted Dr. Walsh's evaluation of plaintiff's remaining physical capabilities. Presuming, without deciding, that the ALJ properly gave that evidence less than controlling weight, it nonetheless remains evidence in this case. Indeed, on the record presented, it is the only substantial evidence concerning plaintiff's residual functional capacity.[5] While the ALJ could have sent plaintiff on a consultive examination to determine her remaining capabilities, he did not do so. The ALJ's decision that plaintiff could perform many of the tasks which this evidence clearly indicated plaintiff could not perform is unsupported by substantial evidence in the record.

The only physical capacities assessment completed by a treating source is that of Dr. Walsh, a physician who had a long-term treating relationship with plaintiff. His evaluation indicated that plaintiff's physical limitations were so severe that, according to the vocational expert, they would preclude even sedentary work. The ALJ rejected this evaluation.

The Commissioner acknowledges that the record did not contain a residual functional capacity assessment or physical capacities evaluation completed by a physician which supports the ALJ's determination that plaintiff could perform the full range of light work. Nor did the ALJ seek to obtain medical evidence to support his conclusion prior to issuing the decision. Presuming, without deciding, that the ALJ stated a valid basis to completely discredit this treating physician's opinion, his findings concerning plaintiff's residual functional capacity lack a sufficient basis in the record.

---

[5] The Commissioner erroneously argues that the fact that Dr. Proctor did not give any functional limitations or opine that plaintiff was disabled may be viewed as positive evidence that, in his opinion, she was not limited. *See* Lewis v. Callaghan, 125 F.3d at 1441 (holding that fact, noted by ALJ, that doctor reported plaintiff could no longer work as a longshoreman but did not state that he could not work at all, was ambiguous at best.)

7

The finding that the record lacks substantial evidence to support the ALJ's conclusions concerning plaintiff's residual functional capacity is sufficient to warrant remand of the Commissioner's decision. The court nonetheless briefly addresses the remaining assignments of error.

*Reliance on 'The Grid' Where There Are Nonexertional Impairments*

> The ALJ has the obligation of developing a full and fair record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989); Welch v. Bowen, 854 F.2d 436, 440 (11th Cir. 1988). This burden may sometimes be met through exclusive reliance on the grids. However, " "exclusive reliance on the grids is not appropriate either when the claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.' " Walker v. Bowen, 826 F.2d 996, 1002-03 (11th Cir. 1987) (*quoting* Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985).

Foote v. Chater, 67 F.3d at 1558; *see* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00 (claimant must suffer primarily from an exertional impairment, without significant non-exertional factors).

In addition to chronic obstructive pulmonary disease, the ALJ found that plaintiff suffered from bipolar I disorder and personality disorder NOS with borderline features. These impairments are considered to be nonexertional[6] in nature. Foote v. Chater, 67 F.3d at 1558 (finding that plaintiff's depression precluded use of 'the grid' and defining exertional impairments as those which place limits on individual's ability to meet job strength requirements). "[E]xclusive reliance on the grids is not appropriate either when [the] claimant is

---

[6] "Nonexertional activities include maintaining body equilibrium, crouching, bending, stooping, using fingers, seeing, hearing or speaking, mental functions and tolerating environmental working conditions. S.S.R. 83-14. Reliance solely on the grids is inappropriate when nonexertional limitations are present because the grids take into account only exertional limitations in classifying levels of work as sedentary, light, medium or heavy and do not address nonexertional limitations." Watson v. Astrue, 376 Fed.Appx. 953, *3, n. 7(11th Cir., April 28, 2010)(internal citations omitted)

unable to perform a full range of work at a given residual functional level or when a claimant has nonexertional impairments that significantly limit basic work skills .'" Phillips v. Barnhart, 357 F.3d 1232, 1242 (11th Cir. 2004) (*quoting* Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir.1985)).  Rather, in these instances, the preferred method of demonstrating that the claimant can perform other jobs is through the testimony of a vocational expert. Perry v. Astrue, 280 Fed. Appx. 887, 2008 U.S.App. LEXIS 12285 (11th Cir. June 4, 2008); Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir.1999) (unpublished);  Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (On remand, if pain and dizziness are found to significantly limit claimant's activities, the court should use a vocational expert). *See also* S.S.R. 83-12 (explaining that when a claimant's exertional limitations do not coincide with a particular exertional level in the grids, the adjudicator may need to consult a vocational expert to determine the extent of any erosion in the occupational base); S.S.R. 83-14 (explaining that when nonexertional  impairments are present, the occupational base may be significantly narrowed and the ALJ may need to consult a vocational expert).

The ALJ determined that plaintiff's nonexertional impairments "do not preclude her from the performance of work-related mental activities generally required by competitive, remunerative work at the unskilled levels; i.e., the abilities to understand, carry out, and remember simple, routine, repetitive one and two step type instructions and tasks; to use judgment in making simple work-related decisions; to respond appropriately to supervision, co-workers, and work situations; and to deal with gradual and infrequent changes in a routine work setting."  (Tr. at 24.)  No specific analysis is given for this assertion, and a plain reading of this statement gives no reason to equate the statement that her psychological impairments "do not preclude" those skills with a finding that they "do not significantly limit" basic work skills.

Further, though the ALJ questioned the vocational expert at the hearing, his decision referenced only 'the Grid.' Under the most liberal reading of the decision, it is at best unclear that the ALJ complied with the applicable regulations in deciding the issue of her disability. Clarification of this point on remand would be appropriate.

*Failure to Develop the Record Concerning Psychological Impairments*

Plaintiff argues further that the record lacks sufficient evidence for the ALJ to make a determination of the severity of the limitations caused by plaintiff's psychological impairments. The Commissioner argues that it is plaintiff's burden to produce evidence of disability. This issue appears to turn, in substantial part, on where the shifting burden rests at this stage of the sequential evaluation.

Subsequent to the closing of the record application to this determination, plaintiff filed a second application and was found disabled. Defendant is correct that the favorable determination of this subsequent application is irrelevant to the review of the instant determination, on the record before the Commissioner at that time. *See* Cherry v. Heckler, 760 F.2d 1186, 1193 (11th Cir. 1985) (court's review limited to the certified record); Turk v. Astrue, 2008 WL 341302, at *9 (M.D. Fla. Feb. 5, 2008) (this Court cannot consider the subsequent favorable decision in determining whether the instant ALJ's decision was supported by substantial evidence). However, the subsequent proceedings underscore the fact that additional evidence may be available to the Commissioner on remand of this determination. For that reason, any guidance which this court might offer to the Commissioner concerning the sufficiency of the record would be largely irrelevant on remand. Accordingly, the court finds further discussion of this assignment of error to be moot.

## Conclusion

For the foregoing reasons, the undersigned finds that the Commissioner's decision is not supported by substantial evidence, and is therefore REVERSED and REMANDED for further proceedings, pursuant to sentence four, 42 U.S.C. § 405(g).

DONE this the 19th day of October, 2010.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE